## JOHN C. SMITH, ADMR., v. DANIEL R. SMITH.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF UNION COUNTY.

Argued May 14, 1890—Affirmed at Bar.

An affidavit of defence to a scire facias to revive,—averring that, by the condition of the bond, given for the purchase money of real estate, on which the judgment was entered, the defendant, the obligor, was to pay the amount thereof to the estate of the obligee, after his death, in accordance with his last will; that the will referred to in the bond was a specific will, executed contemporaneously with the bond, and gave one third of the residue of the obligee's estate to the defendant to be deducted from the amount of the bond; that said will was lost or destroyed, having been revoked by a subsequent will; and that the obligee was dead, but that until his estate was settled, it could not be determined how much of the amount of the bond, if any, was to be paid by defendant,—was sufficient to prevent summary judgment.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 30 July Term 1890, Sup. Ct.; court below, No. 44 December Term 1888, C. P.

On November 3, 1888, John C. Smith, administrator c. t. a. of John Smith, deceased, issued against Daniel R. Smith a scire facias to revive a judgment entered to No. 83 September Term 1883, in favor of John Smith against Daniel R. Smith. The defendant, having appeared after service, filed an affidavit of defence averring in substance as follows:

That the condition of the bond, upon which the original judgment was entered, was that the defendant, the obligor therein, after the death of John Smith, the obligee, and Mary, his wife, should pay the sum of $3,000 "unto the estate of said John Smith in accordance with the last will and testament of said John Smith;" that the will and testament referred to in the bond was a specific will and testament which had been executed by the said John Smith contemporaneously with the execution of the bond, which will and testament was revoked by the testator by a subsequent will, and the will executed

Opinion of the Court.

contemporaneously with the bond could not now be found, and was supposed to have been destroyed by the testator; that by the provisions of said original will, the testator therein and obligee in the bond, after pecuniary legacies to two others, bequeathed and devised one third of the residue of his estate to the defendant, the same to be deducted from said bond; that the said obligee and his wife were both dead; "that the legacy to the defendant, under said first mentioned will was devised and bequeathed under, in pursuance of, and as part of a contract under which the defendant purchased the farm of the said John Smith, located in Hartleton township, Union county, Pennsylvania; that until the settlement of said estate, it cannot be determined how much, if any, of said bond for $3,000 is to be paid by the defendant, obligor in said bond, to the estate of said obligee; that the amount of said estate, including said bond, so far as the defendant has been able to ascertain, and as he believes, is about $9,000, and that he will probably still owe upon said bond, upon the settlement of said estate, the sum of about $500. All of which," etc.

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, BUCHER, P. J., on September 16, 1889, discharged the rule, when the plaintiff took this appeal, specifying that the court erred: "In deciding that the affidavit of defence was sufficient, notwithstanding no copy of the alleged paper writing was annexed to the affidavit;" and that the facts alleged were sufficient to put the plaintiff to a trial by jury.

*Mr. A. H. Dill* (with him *Mr. E. M. Beale*), for the appelant.

Counsel cited: Reed v. Willard, 132 Pa. 5; Neal v. Vollrath, 24 W. N. 124; Birkey v. Whitaker, 4 W. N. 137; Erie City v. Butler, 120 Pa. 374; Richards v. Bisler, 3 W. N. 485.

*Mr. Charles S. Wolf* and *Mr. Andrew A. Leiser*, for the appellee, were not heard.

PER CURIAM:

—On the argument at Bar,

Judgment affirmed.